*TUCKER Judge.
This question, depending upon what I have conceived to be a settled point of practice, in which I have the misfortune to differ in opinion with the majority of the court, I conceive myself bound to deliver the grounds of that opinion.
The case was shortly thus : -The appellees brought an action of debt in the county court, upon a joint and several bill penal, given, as the declaration alleges, to the representatives of Richard Eggleston deceased, by a certain John Clack and the appellant Samuel Stegar. The suit abated as to Clarke, by the sheriff’s return. The defendant Stegar pleaded payment generally, ■ without alleging by whom such payment w,as made; and, issue being joined upon that plea, the parties went to trial. Upon which, the court, on the motion of the defendant Stegar, admitted sundry witnesses to prove, that the testator of the plaintiffs declared, in his lifetime, that he had received payment of a certain John Clarke, in part of a debt for which the defendant Stegar was bound as security for the said John Clarke; and that a small balance was to be paid by William Clarke. That the account of sales, of the date of the bond, noticed John Clarke as a purchaser, and not John Clack, as in the declaration mentioned. And that it was contended, that the name John Clack, to the bond subscribed, was intended for John Clarke; the letter c in the word Clack, resembling precisely the letter r in other words of the bond. To this evidence, the plaintiffs objected, and the objection being overruled, *1013 he filed a bill of exceptions to the court’s opinion.
I pass over the other evidence, (although in favour of the plaintiffs,) as unimportant under the view I mean to take of the case.
A verdict being found for the defendant, the court gave judgment accordingly ; which was reversed by the district court; and, from the latter judgment, Stegar has appealed to this court.
Amidst the variety of names which every day presents to us, it will not be contended, I presume, that there could not *have been such a person as John Clack, in the declaration mentioned ; that that person might not have entered into an obligation to the plaintiffs’ testator; and that Samuel Stegar was his security in that obligation : that there was such a person ; that he executed the obligation upon which the suit was brought; and that Samuel Stegar, the appellant, was his security, and executed the same obligation, is expressly charged in the declaration.
It is a rule, in judicial proceedings, that nothing which is confessed by the pleadings between the parties need be proved ; or shall afterwards be controverted between them.
The plea of payment confesses the obligation as described in the declaration. It confesses, therefore, that there was such a person as John Clack; that John Clack sealed the obligation declared upon ; and . that Samuel Stegar joined him as a security or party, to that obligation.
The obligation, as thus described, being admitted, any reference to a transaction between the appellees’ testator, and the defendant Stegar, as security for a person of any other name, or any other person in the world but John Clack, the person confessed by the plea to have been the obligor in the bond with the defendant Stegar, was wholly irrelevant, and inadmissible.
That John Clack and John Clarke were identically the same person, was not put in issue in any manner by the plea ; that there might have been fifty different John Clacks, as many different John Clarkes, and as many different bonds executed by them respectively with Stegar as security, will scarcely be denied. The evidence, therefore, upon this state of the pleadings between the parties, ought, I conceive, to have been totally rejected, as going to controvert that which had been previously admitted by the defendant.
Considerable stress seems to have been laid by the appellant’s counsel, on the difficulty that he found in defending himself. And that he found himself at a loss is evident from the record. I should not, however, think it incumbent on me to say any thing as to this question, had I not *the misfortune to differ from my seniors in my present opinion. But I owe it as a respect to them, to say what was the regular course which the defendant might have adopted.
First. He might have demanded oyer of the obligation ; and, if upon receiving a copy, it had appeared that the name was Clarke and not Clack, he might have spread it upon the record, and demurred for the variance, Harrison’s K. B. 98 ; and, if, upon inspection, the court had found the bond and declaration not to agree, he would have had judgment, unless the plaintiffs had been permitted to amend their declaration upon payment of costs. Which, in this case, I suppose, would not have been permitted, after the entry of an abatement as to the principal party in the bond.
Secondly. The defendant Stegar might have pleaded the special matter thus irregularly brought before the court upon the trial, confessing (by protestation) that the said writing obligatory was his deed ; but averring that he sealed the same together with a certain John Clarke, and not John Clack, as in the declaration is supposed ; and then averring that the said John Clarke had paid the debt in the declaration mentioned, concluded with traversing that he sealed the same with the said John Clack. If issue had been taken upon this plea, and had been found for him, he must have had judgment in his favour.
Thirdly. He might at the trial have applied to the court to withhold the bond produced from going to the jury in evidence) because of the alleged variance between that bond, and that described in the declaration. Drummond v. Crutcher, 2 Wash. 218. And if the court, upon that motion, had been of opinion that there was a variance, the bond must have been withheld ; and the plaintiff must either have submitted to a nonsuit, or to a verdict against him for want of evidence.
If there was no variance, the bond must have gone to the jury ; and, in that case, the evidence admitted was wholly improper. For, either the bond should have been withheld, or the defendant’s evidence. Both could not, I conceive, be admitted together, for the reason before mentioned.
*1 am therefore of opinion that the judgment of the district court ought to be affirmed.
ROANE, Judge.
The bond stated in the declaration is the bond of Clack and Stegar. The plea of payment applies to such bond, and admits its existence. The bond offered in evidence, if in the opinion of the defendant variant on the face of it, as being' the bond of Clarke, might have been demurred to for such variance, or might have been arrested by the court on his motion ; or, perhaps, without such motion, it being the constant practice to compare the bond produced with that stated in the declaration. Buller, 169. If the bond produced was variant from that stated, the court and not the jury was the proper tribunal to arrest it, it being the proper province of the court to reject inapplicable, or illegal testimony : But the defendant does not address any objection to the court; and as the case stands upon the pleadings, both the bond stated, and that produced, are admitted to be the bond of Clack.
It is a general rule, that a jury cannot find any thing against that which the parties have affirmed and admitted of record, though the truth be contrary. Buller, 298. This rule equally applies to evidence leading to such a finding. It interdicted the evidence offered by the defendant, in this case, tending to shew that the bond so admitted as the bond of Clack, was, in fact, the bond of Clarke. Before the jury could be let into such an enquiry it should have been regu *1014 larly brought before them by the pleadings ; it being their province to determine what is put in issue by the pleadings, and not to controvert matters confessed, or agreed, by such pleadings.
The jury in this case, to whom it was only referred to say, whether the bond of Clack and Stegar was paid, have officiously incorporated with this enquiry, another fact not submitted to them, namely, that the bond decided by the court and admitted by the parties to be the bond of Clack and Stegar, was in fact the bond of Clarke and Stegar, and *that it is paid. If the defendant Stegar did not elect to deny by his plea, that the bond stated was executed by Clack, and thus bring the matter before the jury, neither could they direct their enquiries to that point; nor could evidence going to such point be properly submitted. It is entirely competent to a defendant to be bound by a bond which he never executed, if he does not put the matter in issue by a plea of non est factum. A waiver of such plea is conclusive. He cannot, at the trial, surprize the plaintiff by the objection. On the plea of payment, the plaintiff is not bound to prove the execution of the bond stated and produced by the obligor whose name is subscribed thereto. That fact is admitted by such plea ; and it would be monstrous, if, when the defendant has by the issue he tenders, absolved the plaintiff from the necessity of producing such witnesses, he should be permitted to set up a defence at the trial which, for want of such witnesses, will be fatal to the claim of the plaintiff.
By our law, no plea of non est factum can be received without being verified by affidavit ; but the attempt now in question is to dispense not only with the oath, but also the plea; to evade the policy of the law, which has made such oath necessary. In 3 Black. Com. 366, it is held that, on a plea of non est factum, the defendant cannot give a release of the bond in evidence, because inconsistent with the issue he has chosen to rely on : But that inconsistency is greater in the case before us, where the defendant, after saying he has paid off the bond in the declaration mentioned, thereby admitting its existence, offers evidence to shew its non-existence.
Let us, however, for a moment, examine this evidence stated in the bill of exceptions! The first part of that evidence offered by the defendant touching the receipt of payment from John Clarke, and the non-existence in the account of sales, of the name Clack, is not only liable to the before mentioned objection, as not applying to the bond, the payment of which alone the jury were to try on the issue *submitted to them, but does not exclude the idea of a bond actually executed by Clack and Stegar. It is not a necessary consequence, that Clack never gave a bond, because his name is not mentioned in the account of sales.
As to the allegation touching the similarity between the letter c in the signature, and the letter r in the body of the bond produced, it is not only no evidence for the jury, but the matter of that allegation was exclusively proper for the decision of the court.
As to the testimony of Archer, offered on the part of the plaintiff, it was entirely superfluous, as tending to rebut that which was contradictory to the pleadings. It can, by no means, be said, that this evidence of Archer has the effect of a demurrer to evidence, and admits the truth of the evidence which it rebuts, 1st. because that evidence does not necessarily relate to this new bond; and 2dly. because it was rendered necessary in the opinion of the plaintiff, who might not have chosen to rely solely on his exception to the opinion of the court, admitting the evidence.
The case of Drummond v. Crutcher, in this court, 2 Wash. 218, is very strong to support my present ideas. In that case, on an assigned bond, it appeared that an erasure of a previous assignment had been made, and another assignment written over the name of the assignor, in another handwriting ; yet, on the mere ground of the correspondence between the bond and declaration, this court reversed the judgment of the district court, withholding such bond from the jury. That case is very strong, as there was reason to believe (privately) that this was, or might have been, done to avoid the effect of the plea of a British debt. This court, however, made that decision on that ground ; and because it might have been, that such assignment was originally made, with such appearance of erasure, reserving to the defendant, however, any objections thereto arising from foul, or improper conduct ; and one of the judges gave this opinion emphatically, because it appeared to us, not to the jury, that there was no variance between the bond and declaration.
This whole opinion is predicated on an idea supported by the bond exhibited, that the signature thereto is in the name of Clack, not Clarke. Were it otherwise; were it plainly the bond of Clarke on the face of the bond itself, and not that of Clack; and could we in an appellate court take notice thereof, although on this plea the jury had nothing to do with the enquiry, we must admit that the court ought to have arrested the bond; but such an error, if any, was at the instance of the plaintiff, and for his benefit, and on the strength of decisions here, and particularly that of Smith v. Har-manson, 1 Wash. 6, and Hammett v. Bullett, 1 Call, 567, the plaintiff could not appeal or complain of the judgment on this ground ; nor, of consequence, could he complain of the evidence on the part of the defendant, produced by such error, and by it made necessary to rebut and avoid the effect of the bond so produced. The incident will stand or fall with the principal. This, however, is not the case before us. Whatever opinion the jury may have had on the subject, we cannot say that the court did not rightly decide, as on the face of the bond itself, that it was the bond of Clack, and not of Clarke. The defendant has not elected to transfer from the court to the jury, by a proper plea, this en-quiry, and the decision of the court thereupon must be taken to be right, and is against him.
I am therefore of opinion, that the judgment of the district court, reversing that of the county court, is right, and should be affirmed, with this exception, that it ought to have reserved leave to the defendant to amend his plea on the new trial, which, in my opinion, ought now to be directed, in order to attain the real justice of the case.
*1015 FBFMING, Judge.
Stegar proved that payment had been received of Clarke, which was the material point; for, by whomsoever made, the bond was satisfied ; and that discharged Stegar. If the evidence had been demurred to, the variance might have been fatal; but, instead of that, the plaintiff produced counter testimony ; and the jury, upon a s'full hearing, found that the debt had been paid. Which is conclusive ; and therefore, I am of opinion that the district court erred ; and the judgment of the county court should be affirmed.
CARRINGTON, Judge.
Whether the _ name was Clack or .Clarke, is unimportant; for it was proved, that the bond to which Stegar was security had been paid ; and that was the material point in the cause. The evidence was not demurred to; but the whole was submitted to the jury, who were the proper judges of the fact; and they having found, that payment had been made, their verdict is conclusive. 1 Call, IOS, 561; 2 Call, 231. I concur, therefore, that the judgment of the district court ought to be reversed, and that of the county court affirmed.
BYONS, President.
The only material question in the cause was, Whether the debt to which Stegar was security had been paid ? And the jury have found that it was. I think, therefore, that the judgment of the district court ought to be reversed ; and that of the county court affirmed.
The entry on the order book is as follows :
“The court is of opinion, that the judgment of the district court is erroneous: Therefore it is considered that the same be reversed and annulled, and that the plaintiff recover against the defendants his costs by him expended in the prosecution of his writ aforesaid here, to be levied, &c. And this court proceeding to give such judgment as the said district court ought to have given, is of opinion that there is no error in the judgment aforesaid of the county court: Therefore it is further considered that the said judgment be affirmed, and that the plaintiff recover against the defendants his costs by him about his defence in the said district court expended, to be levied, &c.